In re MARCH, 1994—SPECIAL GRAND JURY.

Misc. No. 94–23.

United States District Court, S.D. Indiana, Indianapolis Division.

Sept. 14, 1995.

Robin L. Babbitt, Bingham Summers Welsh & Spilman, Indianapolis, IN, for movant.

Donna R. Eide, Assistant United States Attorney, Indianapolis, IN, for respondent.

## *ENTRY*

BARKER, Chief Judge.

This matter is before the court on movant's Motion to Quash Subpoena to Testify before Grand Jury. For the reasons stated below, the motion to quash is denied.

### I. *Background*

Movant, an attorney, served as civil mediator in a mediation session on [X date], in a case entitled [Y] pending in the Marion County Superior Court under cause number [Z]. The Special Grand Jury sitting in the Southern District of Indiana has been conducting an investigation of false claims allegedly made by [parties to case "Y"] [Mr. John Doe and Mrs. John Doe] for personal injuries, lost wages, and other damages purportedly suffered by them as a result of two alleged "slip and falls", one of which was the subject of the mediation session conducted by movant. The United States subpoenaed movant to testify before the Grand Jury and to bring with him the file he maintained in connection with the [Doe] mediation. The purpose of the subpoena is to discover statements or claims made in the course of mediation by Mr. John Doe and Mrs. John Doe, particularly Mr. John Doe, which would indicate whether Mr. John Doe had knowledge of the basis for Mrs. John Doe's claims and whether he himself made any statements or claims that would establish complicity in Mrs.

John Doe's alleged false claims. Movant moves to quash this subpoena on the basis of the evidentiary privilege for mediators established by Rule 2.12 of the Indiana Rules for Alternative Dispute Resolution ("Rule 2.12"), adopted by the Indiana Supreme Court January 1, 1992.

## II. *Discussion*

Rule 2.12 provides in relevant part:

The mediator shall not be subject to process requiring the disclosure of any matter discussed during the mediation but, rather, such matters shall be considered confidential and privileged in nature.

For several reasons, the mediators' privilege established in Rule 2.12 does not apply in federal criminal proceedings such as the Grand Jury at issue here.

### A. *Indiana ADR Rules do not apply to criminal proceedings.*

■ The plain language of Indiana ADR Rule 1.4 ("Rule 1.4") indicates that the mediators' privilege set forth in Rule 2.12 does not apply to the federal Grand Jury proceedings at issue. Rule 1.4 provides that:

Unless limited by specific provisions, or unless there are other specific statutory procedures which are applicable, these rules shall apply in all civil and domestic relations litigation filed in all Circuit, Superior, County, Municipal, and Probate Courts in the state. There rules shall not apply to the following cases and proceedings: (A) criminal; . . .

Thus, the Indiana ADR rules, including Rule 2.12, by their own terms do not apply to either federal or criminal proceedings.

### B. *State law privileges do not govern in federal claims.*

■ Even if Rule 2.12 were not expressly limited by Rule 1.4, the privilege established in Rule 2.12 still would not apply here. Under Rule 501 of the Federal Rules of Evidence, federal law governs the recognition of testimonial and/or disclosure privileges in federal cases unless some state law serves as the rule of decision. *Jaffee v. Redmond,* 51 F.3d 1346, 1356 (7th Cir.1995); *In re August, 1993 Regular Grand Jury,* 854

F.Supp. 1392, 1395 (S.D.Ind.1993); *see also Chawla v. Klapper,* 743 F.Supp. 1284, 1286 n. 2 (N.D.Ill.1990) ("State law privileges against discovery do not govern in federal claims."). The Grand Jury investigation at issue involves possible violations of *federal* mail and wire fraud and tax evasion laws. Therefore, there being no state law rule of decision applicable here, federal law governs the existence of privilege in this case.

■ However, state law regarding evidentiary privileges should not be ignored, because "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Memorial Hospital for McHenry County v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1981). While federal law does not recognize a mediator's privilege, Indiana law does recognize such a privilege. Therefore, this court will consider whether that state created privilege should be recognized in this case.

■ In deciding whether Indiana's mediator's privilege should be recognized, this Court must take into account the particular factual circumstances of the case in which the issue arises. The court should "weigh the need for the truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that the recognition of the privilege, will in fact, protect that relationship in the factual setting of the case." *Memorial Hospital,* 664 F.2d at 1061–62, *quoting Ryan v. Commissioner of Internal Revenue,* 568 F.2d 531, 543 (7th Cir.1977). *See also Esdale v. American Community Mutual Insurance Company,* 1995 WL 263479 at *3 (N.D.Ill.1995).

The provisions of the rule which establish a privilege for mediators should be interpreted in light of the other provisions of, and the policy and purpose underlying the rule. The policy sought to be furthered by Rule 2.12 appears to be the protection of information relating to settlement negotiations. Rule 2.12 states at the outset that "[m]ediation shall be regarded as settlement negotiations." Ind. ADR Rule 2.12. The rule provides that "[e]vidence of (1) furnishing or

offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount." *Id.* It then goes on to state that "[e]vidence of conduct or statements made in the course of mediation is likewise not admissible." *Id.* Rule 2.12 does not, however, require exclusion of evidence "when offered for another purpose ...". *Id.*

The United States has subpoenaed movant not to discover information regarding any settlement negotiations or amounts, but rather to discover what statements or claims were made by Mr. John Doe and Mrs. John Doe in an attempt to determine whether or not Mr. John Doe had knowledge of the basis for Mrs. John Doe's claims and whether he made any statements or claims that would establish "complicity" in Mrs. John Doe's claims which are believed to be false. Because the United States is not interested in any information regarding settlement amounts or negotiations relating thereto, application of the Indiana mediator's privilege in this case would not further the policy of protecting the confidentiality of settlement amounts or negotiations.

Furthermore, in striking a balance between the interests protected by the state privilege with the need for truth, this Court notes that Seventh Circuit caselaw establishes that evidentiary privileges are not favored because they "operate to exclude relevant evidence and thereby block the judicial fact-finding function". *Memorial Hospital,* 664 F.2d at 1061–62, *citing U.S. v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1979). The federal interest in fact-finding is particularly strong in this case, as the United States asserts that the evidence sought from movant regarding statements or claims made by Mr. John Doe and Mrs. John Doe in the course of mediation "may determine whether or not the government will seek an indictment against [Mr. John Doe] ... [and] ... is critical evidence for the Grand Jury to consider." (Government's Opp. to Mot. to Quash, at 3).

This court finds that the interest in fact-finding which would be served by the subpoena outweighs any interests that would be served by recognizing the privilege in this case. Therefore, this court declines to recognize the privilege for mediators established in Indiana ADR Rule 2.12, and the motion to quash is DENIED. Witness [movant] is ORDERED to respond to the Grand Jury subpoena and testify.

It is so ORDERED.